UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CINDY B, HUNT,<br><br>                     Plaintiff,<br><br>-vs-<br><br>BRANCH BANKING AND TRUST CO.,<br>DANNY FOGLE, DAVID CRAVEN,<br>MARK BOOZ, JUDY TEAL,<br>CHRISTOPHER OKAY, CATHY<br>LAMBERT; KACI SANSBURY, KAREN<br>BUTCHER, STEVEN LICATA, LISA<br>HEYWOOD and TAMARA CANNON;<br><br>                     Defendants. | Civil Action No.: 4:11-cv-0870-MGL-TER<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, alleges numerous state and federal claims arising out of her banking relationship with Defendant Branch Banking & Trust (BB&T). Presently before the Court is Defendants' Motion to Dismiss (Document # 34) pursuant to Rules 12(b)(2) and (5), Fed.R.Civ.P. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the Motion to Dismiss is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II. PROCEDURAL HISTORY

Plaintiff filed this action on April 12, 2011, and paid the full filing fee when she filed her Complaint. She then filed an Amended Complaint on May 10, 2011. The undersigned entered an Order (Document # 13) on May 12, 2012, directing Plaintiff to bring the case into proper form, and once Plaintiff did so, entered an Order (Document # 20) authorizing service of process on June 10,

2011. In that Order, the court warned,

> Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that "[i]f a defendant is not served within 120 days after the complaint it filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Order Authorizing Service p. 2.

On October 13, 2011, after having received no indication that Defendants had been served, the undersigned entered an Order (Document # 24), directing Plaintiff to either file proof that Defendants had been served or show good cause for her failure to serve Defendants within the time specified by Rule 4(m). On October 26, 2011, Plaintiff filed a Reply (Document # 28) to the Order, stating,

> 1. As a result of the Defendants conduct in this matter including the threat of a FRCP 11 against the Plaintiff, the Plaintiff has been unable to sit for the Paten [sic] Bar exam resulting in the Plaintiff having not worked since 2008.
> 2. **High Cost**: This pro se Plaintiff finds the high cost of Service of Process on twelve Defendants to be unduly burdensome under the FRCP. As such, the Plaintiff is unable to effect service of process on the twelve Defendants.
> 3. The Plaintiff requests that the Court allow Service of Process in this matter on these twelve Defendants through the U.S. Marshal's office.

Plaintiff's Reply (Document # 28).

Thereafter, Defendants filed their Motion to Dismiss (Document # 34) pursuant to Rules 12(b)(2) and (5), Fed.R.Civ.P. Defendants argue that this court lacks personal jurisdiction over Defendant Mark Booz and that Plaintiff has failed to properly serve the remaining Defendants within 120 days or show good cause or even request an extension as required by Rule 4(m). Defendants acknowledged in their Motion that service was attempted on Defendants Branch Banking and Trust (BB&T), Mark Booz and Christopher Okay. They also note the possibility that other Defendants had also been served. Defendants do not address the sufficiency of this service. Rather, they rely on the

untimeliness of such service under Rule 4(m).

Because Plaintiff is pro se, the undersigned issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Motion to Dismiss and the possible consequences if she failed to file a response. After Defendants filed their Motion to Dismiss, Plaintiff filed Affidavits of Service (Documents # 37-40), indicating that four of the twelve Defendants, BB&T, David Craven, Christopher Okay, and Mark Booz had been served prior to the filing of the Motion to Dismiss.[1]

On July 23, 2012, three days prior to the deadline for Plaintiff to file a Response to the Motion to Dismiss, Plaintiff filed a Motion for Extension of Time (Document # 42) to respond to the Motion to Dismiss and to serve the Summons and Complaint. In her Motion, Plaintiff asserts that the federal rules of civil procedure are designed for wavier of service, but, as a pro se litigant, she is unable to make use of waiver. She asserts she had tried but had been unsuccessful in serving several of the Defendants and made the following requests:

> 1) The Plaintiff request [sic] that the USDC direct the clerk of court to mail the summons and complaint to the Defendants as per FRCP 4;
> 2) The Plaintiff request [sic] an extension of time to serve the summons and complaint upon the Defendants; and
> 3) The Plaintiff request [sic] an extension of time to respond to the Defendants Motion to Dismiss under FRCP 12(b)(2) and 12(b)(5) of fourteen days after the waiver of service is due.

Plaintiff's Motion for Extension of Time (Document # 42). Defendants oppose this Motion. See Defendants' Response in Opposition (Document # 43).

Thereafter, Plaintiff timely filed a Response (Document # 44) in opposition to Defendants'

---

[1] Plaintiff also filed a letter (Document # 41), in which she attached a copy of Steven Licata's (a Defendant as well as counsel for all Defendants) certificate of service of the Motion to Dismiss. Plaintiff asserts that this certificate of service indicates that Licata has personally received the summons and complaint.

Motion to Dismiss. Plaintiff also filed Affidavits of Service (Documents # 45-48) for Defendants Danny Fogle, Cathy Lambert, Kaci Sansbury, and Tamara Cannon.

## III.   PREVIOUS ACTION

In 2009, Plaintiff filed Hunt v. Branch Banking and Trust, et al, 4:09-cv-2151-JMC-TER (the 2009 action), arising out of the same events, naming most of the same Defendants and alleging most of the same causes of action. On March 23, 2011, the Court entered an Order of Dismissal (Document # 110 in the 2009 action), dismissing the claims against Mark Booz for lack of personal jurisdiction under Rule 12(b)(2), dismissing Plaintiff's federal causes of action pursuant to Rule 12(b)(6), and declining to retain jurisdiction over Plaintiff's state law causes of action. Plaintiff thereafter filed a Motion to Alter or Amend (Document # 119) and, when that Motion was denied, a Notice of Appeal. The Fourth Circuit Court of Appeals affirmed this court's Order of Dismissal on May 16, 2012.[2]

## IV.   DISCUSSION

Defendants[3] move to dismiss this action pursuant to Rule 12(b)(5) for insufficient service of process. When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213

---

[2] The undersigned notes that Plaintiff filed another action, Hunt v. Branch Banking and Trust, 4:12-2216-MGL-TER, after filing the present action, which also arises out of the same events. All three cases arise out of the allegedly improper set up of an account with BB&T. Plaintiff attempted to open a Payable on Death account with Plaintiff's cousin as a beneficiary, but instead the account was opened as a joint account with Plaintiff and her cousin as co-owners of the account.

[3] Plaintiff argues that the Motion to Dismiss is applicable only to Defendants BB&T and Booz because they were they only Defendants mentioned in the Motion to Dismiss as having been served. Plaintiff's Response p. 1. However, the Motion explicitly states that it is being made by each of the Defendants named in the Amended Complaint. See Motion to Dismiss p. 1; Memo. in Support of Motion to Dismiss p. 1. Plaintiff's argument is without merit.

F.R.D. 273, 275 (M.D.N.C.2003) (citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C.1996)). Rule 4(m), Fed.R.Civ.P., provides that a Summons and Complaint must be served within 120 days of the filing of the Complaint. If such service does not occur, the Court can either dismiss the case or, if plaintiff shows good cause for the failure to serve, direct service be effected. Rule 4(m) states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(m), Fed.R.Civ.P.

Plaintiff first argues that the requirements of Rule 4(m)[4] do not apply to her because, as a pro se Plaintiff, she was required to wait for authorization from the court before serving Defendants, thus "the 120 days count down could not begin on he date that the complaint was filed. As such, the Plaintiff argues that FRCP 12(m) [sic] does not apply to these facts." Plainitff's Response p. 7. Indeed, the Fourth Circuit has held that the 120-day service period is tolled in cases where the court must authorize service of process before the summons and complaint can be served. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). However, the limitations period for service does not become inapplicable, as Plaintiff argues, simply because authorization to serve the complaint is delayed. Rather, the limitations period begins to run when the court authorizes service of process. Id. at 609. Here, the court entered its Order authorizing service on June 10, 2011. It is undisputed that Plaintiff failed to serve the summons and complaint within 120 days of that date. In fact, almost an entire year passed before Plaintiff attempted to serve Defendants.

Accordingly, Plaintiff must show good cause as to why the summons and complaint were not served in accordance with Rule 4(m). "[I]n order to show good cause, a plaintiff must demonstrate that he made reasonable, diligent efforts to effect service on the defendant." Hammad v. Tate Access

---

[4] Plaintiff frequently refers to "FRCP 12(m)" in her Response. However, she clearly intends to reference Rule 4(m).

Floors, Inc., 31 F.Supp.2d 524, 528 (D.Md.1999) (internal quotations omitted). Plaintiff has made no such showing here. Instead, Plaintiff asserts two different reasons for her failure to serve the summons and complaint in this action, neither of which indicate any attempt by Plaintiff to serve the summons and complaint within the time frame proscribed by Rule 4(m). First, in response to the Court's order in October of 2011, Plaintiff asserts that the expense for serving 12 Defendants is too costly. However, there is no indication as to why Plaintiff could not have discovered this prior to the deadline for service under Rule 4(m). Next, in response to Defendants' Motion to Dismiss, Plaintiff asserts that

> all of the causes of action in [this action] were already being litigated in [the 2009 action] and the subsequent appeal of [the 2009 action]. . . . Service of the summons and complaint . . . would have resulted in dual litigation involving the same claims of [the 2009 action] and same Defendants of [the 2009 action]. The Plaintiff argues that non service of the summons and complaint . . . should be excused for good cause where it prevented dual litigation. Dual litigation would have wasted limited judicial resources and would have also created a risk of contrary decisions in the USDC and the USCA.

Plaintiff's Response pp. 7-8. If dual litigation was Plaintiff's concern, she could have moved for an extension of the service deadline prior to the expiration of 120-day deadline.

However, neither of these reasons appears to have actually been a concern of Plaintiff as evidenced by her conduct in this action. Plaintiff has since attempted[5] to serve Defendants in this action, thus, calling into question her alleged financial inability to effect service. Additionally, when first questioned by the court as to why she had not served Defendants, Plaintiff, citing the aforementioned financial concerns, asked that the summons and complaint be served by the U.S. Marshal. At that time, the court had not yet ruled upon her motion to alter or amend in the 2009 action and, thus, her request that Defendants nevertheless be served by the U.S. Marshal negates her

---

[5] Whether this service was proper is not before the court.

subsequent assertion that she was attempting to prevent dual litigation. Further, Plaintiff's assertion that she was attempting to avoid dual litigation begs the question of why she filed the present action in the first place. By her own admission this case involves substantially the same, if not the identical, facts and claims as those present in the 2009 action. In sum, Plaintiff has failed to show good cause for her failure to serve the summons and complaint within 120 days of authorization of service as required by Rule 4(m), Fed.R.Civ.P.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 34) be granted, Plaintiff's Motion for Extension of Time (Document # 42) be denied as to Plaintiff's request for additional time to serve Defendants[6] and this case dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

January 25, 2013<br>
Florence, South Carolina

---

[6] Plaintiff's Motion for Extension of Time (Document # 42) as it relates to her request for additional time to respond to the Motion to Dismiss is **MOOT**. Plaintiff filed her response within the original deadline.

-7-