IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC CLERK, FLORENCE, SC
2013 FEB 11 PM 3: 15

| | |
|---|---|
| CINDY B. HUNT, ) | |
| Plaintiff, ) | c/a: 4:11-cv-00870-MGL-TER |
| vs. ) | Objections |
| Branch Banking & Trust Company, ) | to |
| Danny Fogle, David Craven, Mark ) | Report and Recommendations |
| Booz, Judy Teal, Christopher Okay, ) | |
| Cathy Lambert, Kaci Sansbury, ) | |
| Karen Butcher, Steven Licata, ) | |
| Lisa Haywood and Tamara Cannon, ) | |
| Defendants ) | |

These objections are supported by the prior pleadings at c/a 4:09-cv-2151-JMC-TER and appeal to include the request for reconsideration; c/a 4:11-cv-00870-MGL-TER; and c/a 4:12-cv-02216-MGL-TER.[1]

The Plaintiff objects to the recommendation of dismissal for failure to show good cause for her failure to serve the summons and complaint within 120 days of authorization of service as required by Rule 4(m), Fed. R. Civ. P. as follows:[2]

**Choice of Law:** The face of the complaint before this Court shows that it was filed in the USDC on April 12, 2011 and amended on May 5, 2011. The face of the amended complaint also shows that this matter involves state law and federal

---

[1] C/A 4:12-cv-02216-MGL-TER was filed in the Horry County Court of Common Pleas and improperly removed to the USDC in Florence, SC after the Defendant filed a notice of removal instead of making a motion to remove. The Plaintiff argues that the Probate Court has concurrent exclusive jurisdiction with the Horry County Court of Common Pleas. SC Code Ann. § 62-7-201.

[2] See below arguments to include where the Plaintiff argues that SC Code Ann. § 62-7-203, the SCRCP and SC case law provides for sufficiency of service of process for personal jurisdiction in this matter. Also, see Doc. # 23 ¶ 29 at page 13 of 28 and Doc. # 24 at law governing your account on page 7 of 9.

claims[3] and involves at least three trust accounts: the Plaintiff's interest on lawyer's trust account (IOLTA)[4] which was located in Horry County where the Plaintiff is the trustee of the IOLTA; the Plaintiff's POD trust account which is located in Horry County where the Plaintiff is the trustee of the POD trust account;[5] and a constructive trust ex maleficio which is a trust created other than by will where the Plaintiff would be the trustee, co-trustee and or beneficiary[6] where the Plaintiff resides in SC.

The face of the amended complaint at paragraphs 38 and 51 indicates that Defendant BBT has at least two Banking Service Agreements (BSA). In its Banking Service Agree (BSA) at Doc. # 9-23 on page 6 of 28 at paragraph B. 3 (POD); and at Doc. # 19-23 on page 13 of 28 at paragraph 29; and at Doc. # 9-24 on the top of the page at law governing your account on page 7 of 9 Defendant BBT states: **[t]he Bank and you agree that any lawsuits, claims or other proceedings arising from or relating to your accounts [ ] shall be subject to the exclusive jurisdiction of the courts of the state whose law governs your account without regard to any conflicting choice of law rules.**

**Lack of Subject Matter Jurisdiction Involving a Trust:** [7]
The Plaintiff argues that the law of SC at SC Code Ann. § 62-7-101 ET FF governs all three trust accounts that are at issue here where Defendant BBT has already stated in writing in its BSA: "**[t]he Bank and you agree that any lawsuits, claims or other proceedings arising from or relating to your accounts [ ] shall be subject to the exclusive jurisdiction of the courts of the state whose law governs your account without regard to any conflicting choice of law rules.**"[8]

---

[3] Eighteen claims total. Thirteen state law claims and six federal claims. The Plaintiff argues that the six federal claims are inextricably bound up with the allegations involving the three trust accounts.
[4] See paragraphs 16 -22 of the amended complaint.
[5] See paragraphs 17 and 23 of the amended complaint.
[6] At the amended complaint see the Causes of Action at letters A (Breach of Fiduciary Duties) at paragraphs 40-47 and at D (Breaches of Trust) at paragraphs 161-177. Statute as follows: SC Code 62-7-801 thru 62-7-817; 62-7-1001(a); 62-7-1001(b); and 62-7-1001 thru 62-7-1004 and where the Plaintiff asks for damages under these statutes.
[7] The Plaintiff argues that all of the rulings in c/a 4:09-cv–2151-JMC-TER to include the appeal are void where they suffer from a lack of subject matter jurisdiction. The Plaintiff also argues that all of the recommendations in c/a 4:11-cv-00870-MGL-TER and in c/a 4:12-cv-02216-MGL-TER are void where they suffer from a lack of subject matter jurisdiction. Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94, 101.

[8] See Doc. # 9-23 on page 6 of 28 at paragraph B. 3 (POD); and at Doc. # 19-23 on page 13 of 28 at paragraph 29; and at Doc. # 9-24 on the top of the page at law governing your account on page 7 of 9.

Such that, the Plaintiff argues that Defendant BBT has agreed to give the state courts (probate[9] and circuit[10]) exclusive jurisdiction over all (state law and federal claims) of the claims of the amended complaint in c/a 4:11-cv-00870-MGL-TER where

> SC Code Ann. § 62-7-201 (a) states: Subject to the provisions of Section 62-1-302(d),[11] the probate court has exclusive jurisdiction of proceedings initiated by interested parties concerning the <u>internal affairs</u> of trusts; and

> As to the external affairs of a trust SC Code Ann. § 62-7-201 (c) states: The probate court has concurrent jurisdiction with the circuit courts of this State of actions and proceedings concerning the <u>external affairs of trusts</u>;[12] and

Thus, the Plaintiff argues that this USDC does not have subject matter jurisdiction in this matter. As argued below the Plaintiff begs that the USDC will remand and or transfer this matter to the court with exclusive jurisdiction – the Horry County Court of Common Pleas – circuit court where the Probate Court has concurrent jurisdiction.[13]

**Notice of Lack of Subject Matter Jurisdiction involving a trust:**

The USDC and the USCA had and have notice of a lack of subject matter jurisdiction in the following documents:

1. These courts have notice of the lack of subject matter jurisdiction from the face of Doc. # 91[14] of c/a 4:09-cv-2151-JMC-TER where the Plaintiff reasserts[15] the motion to remove Defendant BBT as trustee at Doc. #s 80/89, 91 and 107 in this matter involving three trust accounts;

---

[9] Hereafter the use of the word probate will refer to the probate and circuit courts where the Probate Court has concurrent and exclusive jurisdiction in matters involving trusts of this state. SC Code 62-7-201.

[10] SC Code Ann. § 62-7-201 (c) states: The probate court has concurrent jurisdiction with the circuit courts of this State of actions and proceedings concerning the external affairs of trusts. These include, but are not limited to, the following proceedings: (1) determine the existence or nonexistence of trusts created other than by will; (2) actions by or against creditors or debtors of trusts; and (3) other actions and proceedings involving trustees and third parties.

[11] SC Code Ann. § 62-1-302(d) states summarily that in matters involving trusts that exclusive jurisdiction lies with the probate court and that only by motion may the matter be removed to circuit court.

[12] In this matter the Plaintiff argues that a constructive trust ex maleficio has been created other than by will.

[13] See SC Code Ann. § 62-7-201 (a) and (c).

[14] The Plaintiff at Doc. # 91 of c/a 4:09-cv-2151-JMC-TER on 1/7/2011 asked the USDC to transfer this matter to the Horry County Probate Court.

[15] Here and hereafter when the Plaintiff reasserts an argument it is being done so with applicable SC Law (Probate Code, SCRCP, SC Code and case law, etc.).

2. These courts have notice of the lack of subject matter jurisdiction from the face of Doc. # 105-1 of c/a 4:09-cv-2151-JMC-TER[16] where the Plaintiff argues that this is the active complaint in c/a 4:09-cv-2151-JMC-TER in this matter involving three trust accounts;

3. These courts have notice of the lack of subject matter jurisdiction from the face of Doc. # 123 of c/a 4:09-cv-2151-JMC-TER on page two where the Plaintiff argued lack of subject matter jurisdiction in the reply brief for the motion to alter of amend the judgment in this matter involving three trust accounts;

4. These courts have notice of the lack of subject matter jurisdiction from the face of Doc. # 9 of c/a 4:11-cv-00870-MGL-TER[17] where the Plaintiff argues that this matter involves the Plaintiff's three trust accounts; and

5. The USDC and the USCA has notice of a lack of subject matter jurisdiction in c/a 4:09-cv-2151-JMC-TER where on appeal (December – June 2012) the USCA failed to make a finding of jurisdiction where the Plaintiff argued lack of subject matter jurisdiction in Doc. # 123 on page 2 and thereafter without authority the USCA affirmed the ruling of the USDC.[18]

**Remand:** The Plaintiff argues that even though this case was not removed from the state court that remand is an option here where this court at footnote 2 has indicated that c/a 4:12-cv-02216-MGL-TER is still at the USDC where that matter is currently before the USDC as the result of Defendant BBT filing a notice of removal on August 4, 2012.[19] The Plaintiff requests that the USDC combine these two civil actions and remand them to the court with exclusive jurisdiction – the Horry County Court of Common Pleas/Probate Court.

**Transfer to Horry County (Change of Venue):**
**Convenience for the parties and witnesses and in the interest of justice:** The Plaintiff argues pursuant to 28 U.S.C. § 1404 and SC Code Ann. § 62-7-201 that a change in venue to Horry County would be convenience for the parties and witnesses and in the interest of justice.

On the face of the complaint this matter involves the Plaintiff's IOLTA, POD trust and a constructive trust ex maleficio[20] where paragraph 37 states that SC Code Ann. §

---

[16] See paragraphs 1-3, 36 and 62. This amended complaint was clocked in to the USDC on Feb. 22, 2011.
[17] See paragraphs 16-22 and 37. This amended complaint was clocked into the USDC on May 10, 2011.
[18] Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94, 101.

[19] The Plaintiff argues here as in her objections to the report and recommendation at c/a 4:12-cv-02216-MGL-TER that the removal was improper, lack of jurisdiction, improper status and that the case should be remanded and or transferred.
[20] See where this matter involves the Probate Statutes as follows: 62-7-1001(a); 62-7-1001(b); and 62-7-1001 thru 62-7-1004 and where the Plaintiff asks for damages under these statutes.

4

62-7-201 - § 62-7-204 are applicable. These code sections promote a change in venue where

> **SC Code Ann. § 62-7-204 (a):** except as otherwise provided in subsection (b),[21] venue for a judicial proceeding involving a trust is in the county of this State in which the trust's principal place of administration is or will be located.

In this matter the principal place of administration of the three trusts is or will be located in Horry County which is the location of the Plaintiff resident. The Plaintiff does not have a home or office in Florence.

Such that, the Plaintiff argues that venue for a judicial proceeding involving the three trusts in this matter should be in Horry County and could not have been brought in Florence based on the above arguments under SC Code Ann. § 62-7-204 (a) and the facts of this case.

From the face of the complaint this matter was filed first in the USDC of Florence where **SC Code Ann. § 62-7-204 (c)** provides that if proceedings concerning the same trust could be maintained in more than one place in South Carolina, the court in which the proceeding is first commenced has the exclusive right to proceed.

The Plaintiff argues that the operative words here are if and could where based on the above and below arguments the Plaintiff argues that judicial proceedings involving these trusts can be maintained in only one place and that is Horry County Probate Court.

As such, based on all of the above arguments the Plaintiff asks that this USDC in the interest of justice and convenience for the parties and witnesses transfer this matter pursuant to 28 U.S.C. § 1404, SC Probate Code and SCRCP[22] to the place where c/a 4:12-cv-02216-MGL-TER was filed and to the court with exclusive jurisdiction – the Horry County Court of Common Pleas – circuit court where the Probate Court has concurrent jurisdiction.

**Consent/Stipulation:** The Plaintiff argues that the parties have consented to transfer pursuant to 28 U.S.C. § 1404, SC Probate Code and SCRCP in this matter as per the BSA: "[t]he Bank and you agree that any lawsuits, claims or other proceedings arising from or relating to your accounts [] shall be subject to the exclusive jurisdiction of the courts of the state whose law governs your account without regard to any conflicting choice of law rules."[23]

---

[21] SC Code § 62-7-204 (b) states: If a trust has no trustee, venue for a judicial proceeding for the appointment of a trustee is in a county in which any trust property is located or the county where the last Trustee had its principal place of administration, and if the trust is created by will, in the county in which the decedent's estate was or is being administered. The Plaintiff argues that here the Plaintiff is the trustee of the IOLTA; the Plaintiff is co-trustee and or beneficiary to the constructive trust ex maleficio and the Plaintiff is the trustee of the POD trust.

[22] Note: This will also be an in rem proceeding involving the Plaintiff's home and mortgage.

[23] See SC Code Ann. § 62-7-201 (a) and (c).

The Plaintiff asks that the USDC transfer this matter to the court with exclusive jurisdiction – the Horry County Court of Common Pleas – circuit court where the Probate Court has concurrent jurisdiction.[24]

**Order:** Pursuant to 28 U.S.C. § 1404, SC Probate Code and SCRCP a change in venue to Horry County may be ordered by this USDC. The Plaintiff asks that the USDC order that this matter be tried in Horry County at the court with exclusive jurisdiction. [25]

**VOID for Lack of Subject Matter Jurisdiction:** The Plaintiff argues that based on the above and below arguments that this court also has additional notice of lack of subject matter jurisdiction where the USCA on appeal[26] did not make a finding of jurisdiction in c/a 4:09-cv-02151-JMC-TER;[27] and this court in its report and recommendation at page 4 states that the cases "arise out of the same events, naming most of the same Defendants and alleging most of the same causes of action."[28]

As such, the Plaintiff argues that any and all rulings by the USDC and USCA in all three civil actions[29] to include this report and recommendation that does not and did not include remand or transfer or dismissal based on a lack of subject matter jurisdiction is void for lack of subject matter jurisdiction.[30]

As such, the Plaintiff begs this court to **remand or transfer** this matter. And if this USDC is unwilling to remand or transfer this matter to the court with exclusive jurisdiction then dismiss this matter for lack of subject matter.

The Plaintiff argues that to do otherwise is to with knowledge negatively impact the Plaintiff and the court with exclusive jurisdiction in this matter where SC Code Ann. § 62-7-202, SCRCP, SC Code and SC case law are the SC law that governs the sufficiency of service of process for personal jurisdiction over the Defendants; and where the SCRCP 120 day requirement is applicable only after the statute of limitations has run.

The Plaintiff argues that in this matter the statute of limitations has not run. And the Plaintiff argues that the Defendants have not raised the defense of statute of limitations and it is waived.

---

[24] See SC Code Ann. § 62-7-201 (a) and (c).
[25] See SC Code Ann. § 62-7-201 (a) and (c).
[26] **See attached copy of the May 16, 2012 order of the USCA at exhibit # 4.**
[27] "On **every** writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94.
[28] See Doc. # 105-1 at c/a 4:09-cv–2151-JMC-TER ; amended complaint of c/a 4:11-cv-00870-MGL-TER; and the complaint of c/a 4:12-cv-02216-MGL-TER.
[29] See c/a 4:09-cv–2151-JMC-TER and appeal; c/a 4:11-cv-00870-MGL-TER; and c/a 4:12-cv-02216-MGL-TER.
[30] Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94, 101.

**Preservation of arguments as to the report and recommendation:**

The Plaintiff argues that personal jurisdiction over all the Defendants has attached and is preserved.

**C/A 4:09-cv-2151-JMC-TER:** The Plaintiff reasserts all arguments made in all the pleadings to include the appeal of in c/a 4:09-cv-2151-JMC-TER.

**Request for Reconsideration:** The Plaintiff reasserts arguments in the request for reconsideration on appeal[31] in c/a 4:09-cv-2151-JMC-TER where the Plaintiff argued that the USCA lacked subject matter jurisdiction[32] where the Plaintiff in the last paragraph preserved arguments to include that the Defendants had admitted pursuant to FRCP 8(b)/SCRCP 8(d) all of the causes of action at Doc. # 105-1 where the Defendants had failed to deny those allegations in there response at Doc. # 108.

Because the report and recommendation is not a remand, transfer or dismissal for lack of subject matter jurisdiction the Plaintiff argues that even though this matter was filed in the USDC - the case law, common law, code and South Carolina Rules of Civil Procedure are applicable in this matter.

The Plaintiff reasserts all prior arguments in all three civil actions with SC law where applicable to include the appeal as if restated here verbatim.[33]

The Plaintiff argues that all submissions in all three civil actions where timely submitted pursuant to the SCRCP.

The Plaintiff objects to almost every line of the report and recommendation such that it will be easier to say when there are no objections.[34]

**Introduction:** No objections.

**Procedural History:** The Plaintiff is required to object to every sentence of the section labeled PROCEDURAL HISTORY based on all of the above arguments. The Plaintiff argues that the Probate Court has exclusive jurisdiction in c/a 4:11-cv-00870-MGL-TER; and directs the USDC to the Civil Docket in c/a 4:11-cv-00870-MGL-TER where the Plaintiff argues the following

---

[31] See attached exhibit # 5 where the Defendants did not file any objections to the request for reconsideration.

[32] "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94.

[33] The Plaintiff argues that all documents submitted in all three civil actions were timely submitted pursuant to the SCRCP.

[34] **Preservation of Arguments:** Through the above and below arguments this pro se Plaintiff has tried to preserve all causes needed for appeal to the USCA and for certiorari to the US Supreme Court. However, for any item that the Plaintiff has missed she begs that the USCA and the US Supreme Court will consider any and all arguments preserved if that argument has been made by the Plaintiff in any document of the record in any of the three civil actions.

The Plaintiff argues that all the orders of the USDC in c/a 4:11-cv-00870-MGL-TER to include at Doc. #s 13, 20, 24, 35, 55 and all others are void for lack of subject matter jurisdiction where the Probate Court has exclusive jurisdiction in this matter involving the Plaintiff's three trusts.[35]

The Plaintiff argues that all motions to dismiss (Doc. # 34) by the Defendants should be thrown out/stricken where they are inapplicable in the administration of a Probate matter; and where FRCP 12(b)(2) and (b)(5)[36] is not applicable where the SCRCP apply where the Probate Court has exclusive jurisdiction in this matter involving the Plaintiff's three trusts.

The Plaintiff argues that FRCP 4(m) is not applicable where the SCRCP apply where the Probate Court has exclusive jurisdiction in this matter involving the Plaintiff's three trusts.

SCRCP 3 (a) provides for commencement of the civil action when served within the statute of limitation or within 120 days after the statute of limitations expires. The Defendants have not argued statute of limitations.

The Plaintiff argues that the statute of limitation has not run; and that the Defendants have been served within 120 days after the statute of limitation has run. The Plaintiff argues that the Defendants have waived the statute of limitations defense.

The Plaintiff argues that she has satisfied SCRCP 3.

There is no SCRCP 4(m).

The Plaintiff argues that she has satisfied SCRCP 5.

SCRCP 6 provides for extensions of time where the Plaintiff argues that her motions and requests satisfy this rule. The Plaintiff objects to this court finding of moot as to her motion for an extension of time.

At no time did any Defendant or the USDC file a motion to dismiss for failure to serve the summons and complaint.

The Plaintiff reasserts all of the motions, requests, certificates that the Plaintiff has made in c/a 4:11-cv-00870-MGL-TER.

The Plaintiff argues that all documents were timely filed in c/a 4:11-cv-00870-MGL-TER and the other two civil actions pursuant to SCRCP 3-6.

The Plaintiff argues that none of the Defendants made a special appearance to object to jurisdiction.

---

[35] Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94, 101 and See SC Code Ann. § 62-7-201 (a) and (c).

[36] See below argument: **Sufficient Service of Process**.

**Certificate:** The Plaintiff argues that the certificate at Doc. # 41 and mentioned in FN1 satisfies SCRCP for service of the summons and complaint on all Defendants pursuant to SCRCP 4(j) and 5(d)(1).

The Plaintiff argues that through the procedural history to date that **Personal Jurisdiction** has attached for all Defendants in the following ways: at Doc. #s 37-41 and 45-48; all Defendants have submitted to personal jurisdiction pursuant to Probate Code and the Banking Service Agreements at Doc. #s 23 and 24 as stated on page one on these objections and or the SCRCP 4(d), SCRCP 4(d)(1), SCRCP 4(d)(3), SCRCP 4(d)(7), SCRCP 4(d)(8) and or SCRCP 4(e)-SCRCP 4(j) and SCRCP 5(d)(1).

**Previous Action:** The Plaintiff objects to each and every sentence of the section labeled PREVIOUS ACTION[37] based on all of the above arguments. The Plaintiff argues that the Probate Court has exclusive jurisdiction in c/a 4:09-cv-2151-JMC-TER; and directs the USDC to the attached Civil Docket in c/a 4:09-cv-2151-JMC-TER[38] where the Plaintiff argues the following

On January 19, 2008 Costella Hunt Davis[39] went to Defendant BBT to check on her mortgage. During Davis's visit to BBT Defendant Sansbury disclosed what the dollar amount balance was in the Plaintiff's POD trust account. The Plaintiff complained to the Defendant BBT after the holiday weekend. Over the next several weeks many calls and a few letters where exchanged between the Plaintiff and Defendant BBT to include a letter from Defendant Craven (that was later sent to the FDIC by Defendant Teal). Thereafter, the Plaintiff reported Defendant BBT to the FDIC. Defendant BBT responded to the FDIC with four letters from Defendants Teal, Booz and Craven.[40]

Subsequently, c/a 4:09-cv-2151-JMC-TER was filed in August 2009. During c/a 4:09-cv-2151-JMC-TER Defendants Booz and Licata submitted affidavits to the USDC that the Plaintiff alleges contained perjuries, in late November 2009 the Plaintiff discovered an additional at least two unauthorized loans were in her customer profile along with her lawyer's interest on trust account (IOLTA), POD trust, mortgage, CD, and other accounts where the Plaintiff did not apply for these loans and the Plaintiff did not receive any money from these loans.[41] Doc. # 38 did not reflect the causes of action that arose from this misconduct.

The Plaintiff argues that through the previous action that **Personal Jurisdiction** has attached for all Defendants in the following ways: at Doc. #s 7 & 9 and 11-16; 40 and 52; all Defendants have submitted to personal jurisdiction pursuant to Probate Code and the Banking Service Agreements at Doc. #s 23 and 24 as stated on page one of these objections and or the SCRCP 4(d), SCRCP 4(d)(1), SCRCP 4(d)(3), SCRCP 4(d)(7), SCRCP 4(d)(8) and or SCRCP 4(e)-SCRCP 4(j) and SCRCP 5(d)(1).

---

[37] Including foot notes.
[38] See attached exhibit # 1
[39] Costella Hunt Davis is not the blood cousin of the Plaintiff. Cousin is a term of affection.
[40] The Plaintiff alleges that the Defendants engaged in a fraud upon the FDIC as stated at Doc. # 105-1 of c/a 4:09-cv-2151-JMC-TER and as stated in the amended complaint of c/a 4:11-cv-00870-MGL-TER.
[41] The Plaintiff alleges that the Defendant BBT stole her identity by using her assets for others to qualify for mortgages where her customer profile contained her IOLTA and POD trust account with the result of a constructive trust ex maleficio as stated at Doc. # 105-1 of c/a 4:09-cv-2151-JMC-TER and as stated in the amended complaint of c/a 4:11-cv-00870-MGL-TER and as stated in the complaint at c/a 4:12-cv-02216-MGL-TER.

**The Plaintiff argues that all the orders of the USDC to include at Doc. #s 37, 61, 66, 67, 110/112/117, 124 and of the USCA to include the May 16, 2012 and June 26, 2012 orders are void for lack of subject matter jurisdiction.**[42]

The Plaintiff argues that all motions to dismiss by the Defendants should be thrown out/stricken where they are inapplicable in the administration of a Probate matter and SC law applies.

The Plaintiff asserts that in c/a 4:09-cv-2151-JMC-TER that all of the documents were timely filed pursuant to the SCRCP.

**Untimely/Scheduling Order:** The Plaintiff argues that the USDC lacked the authority to issue a scheduling order in this matter on 9/22/2010. As such, the Plaintiff respectfully requests that the scheduling order at Doc. # 66 not be applicable to these matters. Furthermore, the Plaintiff made an in person Court appearance on 9/21/2010 where Plaintiff terminated her attorney and provided the Court with her mailing address. The day after the Court appearance, unbeknownst to the Plaintiff, the Court issued the scheduling order. The Plaintiff notified the Court in mid October that she would be a pro se Plaintiff (Doc. # 68). Thereafter, the Court got the Plaintiff a copy of the scheduling order on November 15, 2010 where the Plaintiff traveled to Florence to inquiry "where is the scheduling order".

**Not Moot:** At Doc. # 117 of c/a 4:09-cv-2151-JMC-TER the USDC found MOOT as to Craven.[43] The Plaintiff asks that the ruling of the USDC be allowed to speak for itself where the Plaintiff continues to argue that the motion to dismiss did not apply to Craven where the Defendants motion to dismiss at Doc. # 41 was filed on 5/29/2010. Defendant Craven was served on 6/15/2010 as per Doc. # 52. The Plaintiff argues that the Defendants motion to dismiss at Doc. # 41 does not include Defendant Craven where the Probate Court has personal jurisdiction over Craven. The Plaintiff reasserts the request for Default against Craven.

**Booz and others:** The Plaintiff argues that the Probate Court has personal jurisdiction over Booz and all of the other Defendants where in c/a 4:09-cv-2151-JMC-TER they waived service at Doc. #s 9 and 11-16.[44]

**Doc. # 124:** The Plaintiff asks that the ruling of the USDC at Doc. # 124 be allowed to speak for itself where Doc. # 124 is attached with the civil document at exhibit 1 on page 12.

**Change in controlling law, new evidence, clear error of law or manifest injustice:** The Plaintiff argues that their has been a change in controlling law; the use of the exhibits is evidence that was not used where the law applicable in this matter is that of the State of SC as applied by the Probate Court. As such, the Plaintiff argues that it would be a manifest injustice for the USDC to deprive the Probate Court of this matter which it has exclusive jurisdiction involving the Plaintiff's IOLTA, POD trust and the constructive trust ex maleficio.

---

[42] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94.

[43] See entry 117 of the attached Civil Docket from c/a 4:09-cv-2151-JMC-TER at exhibit # 1 on page 11.

[44] Also, see argument below for additional personal jurisdiction.

**False Entry; Computer Fraud and Tying:** The Plaintiff argues that with the exhibits that she has stated a claim for relief under the SCRCP 12(b)(6).

**GLBA:** The Plaintiff argues that the USDC statements at Doc. # 124 of the GLBA not raising a stated federal issue are not supported by SC law.

**Doc. #s 58/59/62/63: Terminated vs withdrawal:** In September 2010 the Plaintiff terminated her attorney.[45] The transcript that was submitted on appeal in c/a 4:09-cv–2151-JMC-TER shows that in a hearing before Judge Rogers on 9/21/2010 that he stated that the Plaintiff' attorney had been terminated as the Plaintiff had requested in letter to the USDC.

The face of the attached exhibit 1 of Civil Docket from c/a 4:09-cv–2151-JMC-TER shows that the Plaintiff's attorney Valtorta had been terminated. And all except one document the Plaintiff received from the USDC after the termination of Valtorta in September 2010 showed Valtorta as being terminated: Doc. # 63.[46]

Thereafter, in the motion to alter or amend (119 and 123)[47] the Plaintiff objected to the USDC finding that attorney Valtorta had withdrawn. At Doc. # 124 the USDC stated that Doc. # 63 showed that Valtorta had withdrawn and Plaintiff had failed to file a motion to amend. On December 12, 2011 the Plaintiff went to the USDC and requested a copy of Doc. # 63. Doc. # 63 is not listed on the enclosed Civil Docket. Doc. # 63 is a sealed document. Thus, the Plaintiff could not make a motion to amend because she did not know of the existence of Doc. # 63. The Plaintiff had never seen Doc. # 63 before 12/12/2011. Doc. # 63 is attached at exhibit 2. The Plaintiff argues that the Probate Court (any court) can not use the complaint at Doc. # 38 of a terminated attorney.

In October 2010 the Plaintiff reported Defendant BBT to the Horry County Police for identity theft involving the Davis mortgage and additional at least two unauthorized loans in her customer profile, etc. as per the Defendant BBT website.[48]

The Plaintiff reasserts the motion for default as to Craven at Doc. #s 68 and 75.

The Plaintiff reasserts Doc. # 70 re notice; and Doc. # 42.

The Plaintiff reasserts the motion to remove Defendant BBT as trustee at Doc. #s 80/89, 91 and 107.

The Plaintiff reasserts the motion for partial summary judgment at Doc. #s 90 and 104.

In January 2011 at Doc. # 91 at c/a 4:09-cv–2151-JMC-TER the Plaintiff argued that the USDC lacked subject matter jurisdiction and requested a transfer. The Plaintiff continues to request a transfer of this matter. Also, the Plaintiff requests that the

---

[45] Attorney Valtorta was the author of Doc. # 38 of c/a 4:09-cv–2151-JMC-TER. The face of the attached Civil Docket shows that Valtorta was terminated.

[46] See attached exhibit #

[47] On appeal at c/a 4:09-cv–2151-JMC-TER in Doc. # 123 on page 2 the Plaintiff argued lack of subject matter jurisdiction. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94.

[48] At c/a 4:11-cv-00870-MGL-TER see Doc. # 9-28 thru 9-33.

USDC combine this action with c/a 4:12-cv-02216-MGL-TER and remand both to the Probate/Horry County Court of Common Pleas.

Later, in January 2011 at Doc. #s 96 and 97 of c/a 4:09-cv-2151-JMC-TER the Defendants stated that the Plaintiff's current mortgage had been paid off where the Plaintiff no longer had any loans at BBT as of 2009. However, the Plaintiff is now in default and the attorney for the Defendant has written to the Plaintiff that foreclosure proceedings have commenced.[49]

The Plaintiff reasserts the motion for sanctions at Doc. #s 99 and 107.

The Plaintiff reasserts the motion to remove Defendant BBT as trustee and amend the complaint at Doc. #s 105/105-1 and 114 where Doc. # 105-1 is the active complaint in c/a 4:09-cv-2151-JMC-TER.

The Plaintiff argues that the Defendants in there response at Doc. # 108 failed to deny all of the allegations and the entire amended complaint at Doc. # 105-1 has been admitted. SCRCP 8(d).

**Doc. # 105-1:** The Plaintiff continues to argue that the active complaint in c/a 4:09-cv-2151-JMC-TER for use by the Probate Code is located at Doc. # 105-1 where the Defendants have admitted all of the allegations to include identity theft where they failed to respond at Doc. # 108. SCRCP 8(d)

In February 2011 the Plaintiff filed the proposed amended complaint at Doc. # 105-1 of c/a 4:09-cv-2151-JMC-TER. The Defendants responded at Doc. # 108 where they failed to deny the allegations of the proposed amended complaint. The Plaintiff argues that those allegations are admitted. SCRCP 8(d).

On March 23, 2011 at Doc. # 110[50] the USDC dismissed the Plaintiff's suit in c/a 4:09-cv-2151-JMC-TER after application of the Defendants motion to dismiss under FRCP 12(b)(2) and (6) to Doc. # 38[51] that had been filed by the Plaintiff's terminated attorney where the USDC stated in FN1 that the Plaintiff's attorney had withdrawn.[52]

On April 20, 2011 the Plaintiff made a motion to alter or amend (119 and 123)[53] the judgment in c/a 4:09-cv-2151-JMC-TER under FRCP 59(e), FRCP 60(b) and

---

[49] See Doc. #s 96 and 97 at c/a 4:09-cv-2151-JMC-TER and at c/a 4:12-cv-02216-MGL-TER see Doc. # 14-2. Defendant BBT sold Davis and the Plaintiff's mortgages to Fannie Mae and or Freddie Mack.

[50] The amended complaint at Doc. # 9 of c/a 4:11-cv-00870-MGL-TER has 43 exhibits attached to it and includes Doc. # 110 from c/a 4:09-cv-2151-JMC-TER. The Plaintiff asks that the ruling of the USDC be allowed to speak for itself. Doc. # 110 is at exhibit # 9-41.

[51] The complaint at c/a 4:12-cv-02216-MGL-TER has 42 exhibits attached to it and includes Doc. # 38 from c/a 4:09-cv-2151-JMC-TER. The Plaintiff asks that the amended complaint at Doc. # 38 be allowed to speak for itself. Doc. # 38 is at exhibit # 38. Doc. # 38 was authored by a terminated attorney.
[52] The transcript that was submitted on appeal in c/a 4:09-cv-2151-JMC-TER shows that in a hearing before Judge Rogers on 9/21/2010 that Valtorta was terminated.
[53] The Plaintiff asks that these documents be allowed to speak for themselves where the Plaintiff in the USDC and on appeal argued among other things subject matter jurisdiction at Doc. # 123 on page 2. Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94.

60(d)(3). The USDC did not rule on the FRCP 60(b) and 60(d)(3) portions of the motion to alter or amend.[54]

The Plaintiff reasserts the motion to alter or amend the judgment at Doc. #s 119 and 123.[55] **The Plaintiff requests that the entire record of c/a 4:09-cv-2151-JMC-TER and appeal be amended to reflect lack of subject matter jurisdiction.**

The USDC on Nov 28, 2011 in a text order at Doc. # 124 in c/a 4:09-cv-2151-JMC-TER denied the motion to alter or amend the judgment in under FRCP 59(e) and did not rule on the motions under FRCP 60.[56] The Plaintiff filed a notice of appeal on December 12, 2011.

On May 16, 2012 the USCA affirmed the decision of the USDC in c/a 4:09-cv-2151-JMC-TER in an unpublished opinion that has no precedence in the 4th Circuit.[57] The Plaintiff petitioned for reconsideration.[58] On June 26, 2012 the USCA denied the Plaintiff's request for reconsideration.

Included in these objections are copies of the USCA order dated May 16, 2012 at exhibit 4; a copy of the Plaintiff's request for reconsideration (at exhibit 5) and the June 26, 2012 order (at exhibit 6). The Plaintiff asks that these documents of the appeal to the USCA be allowed to speak for themselves. The Plaintiff reasserts all of the arguments submitted during the appeal to include the request for reconsideration.

On July 9, 2012 the Plaintiff filed c/a 4:12-cv-02216-JMC-TER in the Horry County Court of Common Pleas.[59] The Plaintiff argues that the Horry County Court of Common Pleas/Probate Court has exclusive jurisdiction and requests remand and or transfer.

The Plaintiff objects to the USDC summary of the prior action at footnote 2 where the USDC fails to mention the allegations of the unauthorized beneficial profile for Davis with the mortgage; and the additional at least two unauthorized loans in the Plaintiff's customer profile at: transfer management and portfolio[60] with the Plaintiff's IOLTA and POD trust, CD and other accounts.

The court also failed to mention several other things of which the Plaintiff reasserts through all of the pleadings of all three civil actions.

At footnote 2 the USDC does not mention that c/a 4:12-cv-02216-MGL-TER was filed in the state court containing only state claims. Also the USDC does not say that the

---

[54] The Plaintiff argues that this also supported a lack of subject matter jurisdiction on appeal. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) and Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94.

[55] In the USDC and the USCA at Doc. # 123 on page 2 the Plaintiff argued lack of subject matter jurisdiction. Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94.

[56] See attached civil docket at exhibit # 1 on page 12.

[57] The Plaintiff argues that the USCA lacked jurisdiction where the Plaintiff argued a lack of subject matter jurisdiction on appeal at Doc. # 91 and 123 at page 2. Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94.

[58] See attached exhibit # 5.

[59] The Plaintiff has argued in that case that the USDC lacks subject matter jurisdiction.

[60] These names infer numerous loans where there has never been any discovery in this matter.

case has a USDC filing number because the Defendant filed a notice of removal where the Probate Court had exclusive jurisdiction as argued above.

**Discussion:** The Plaintiff objects to each and every sentence of the section labeled DISCUSSION[61] based on all of the above arguments and the arguments in the Plaintiff's response brief at Doc. # 44.

The Plaintiff argues that the motion to dismiss under FRCP 12(b)(5) for insufficient service of person is not applicable here where this Plaintiff continues to argue that this USDC **lacks subject matter jurisdiction**.

**Letter To FDIC Not Attached To Affidavit of Booz**: The affidavit of Defendant Booz dated 11 June 2012 that was submitted with the motion to dismiss states at paragraph six on page two that: A copy of the May 15, 2008 correspondence referred to above is attached hereto as Exhibit A and incorporated by reference. Exhibit A[62] **is not** attached to the affidavit of Defendant Booz.

In the Amended Complaint at Doc. # 9 at paragraphs 103-105 and 126-128 the Plaintiff argues that the May 15, 2008 letter of Defendant Booz to the FDIC lacks certification under 12 CFR 308 and contains false entries and omissions. And that the affidavit of Booz in c/a 4:09-cv-02151-JMC-TER at Doc. # 20-2 was successfully used to avoid personal jurisdiction where the affidavit contained false statements.

As such, the Plaintiff argues that the Defendants are unable to provide the Court with a corrected affidavit with the attached May 15, 2008 letter to the FDIC because of its role in the allegations asserted by the Plaintiff in the Amended Complaint. Also, the submission of the May 15, 2008 letter to this USDC by the Defendants that was sent to the FDIC would require this Plaintiff to assert fraud upon the FDIC/USDC.[63] The Defendants have not submitted the May 15, 2008 letter to this USDC.

As such, the Plaintiff argues that these Defendants should not be allowed to benefit from the letter not being attached to the affidavit where the presentment of the letter with the affidavit would work to the detriment of the Defendants.[64]

The Plaintiff further argues that the Defendants entire motion to dismiss the Amended Complaint under FRCP 12 (b)(5) and FRCP 12 (b)(2) is defective and should be **excluded** from these proceedings because the FRCP are not applicable; and the May 15, 2008 letter of Defendant Booz to the FDIC is not attached to the affidavit as stated at paragraph six of the affidavit.

As per SCRCP 12 (g) the Defendants are not allowed to assert another motion under SCRCP 12 except a motion as provided in SCRCP 12 (h)(2) hereof on any of the grounds there stated.

**Sufficient Service of Process:** The Plaintiff argues that sufficient service of process in support of personal jurisdiction for all Defendants in this matter has been satisfied at SCRCP; SC Code Ann. § 62-7-202, SC Code and SC case law based on the SCRCP.

---

[61] Including foot notes.
[62] Exhibit A is the May 15th, 2008 letter of Defendant Booz that he wrote to the FDIC.
[63] See civil action #4:09 - 2151 where in the motion to alter or amend the judgment at Doc. #s 119 and 123 the Plaintiff did assert arguments under FRCP 60(b) and FRCP 60(b)(3). The USDC did not rule on these arguments. See attached exhibit # 1 at page 12.
[64] See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 332 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944).

**FRCP 4(m) and Robinson v. Clipse, 602 F.3d 605 (4th Cir. 2010):** The Plaintiff argues that FRCP 4 (m) and <u>Robinson</u> are not applicable here under the SCRCP where

> **SCRCP 3 states:**
>
> **(a) Commencement of civil action.** A civil action is commenced when the summons and complaint are filed with the clerk of court if:
>
> (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
>
> (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

The Plaintiff argues that the Defendants at no time in their motion to dismiss argued statute of limitations.[65] For the record the Plaintiff argues that the statute of limitations had not at the time the Defendants were served run out and still has not run out in this matter.

> **BBT:** Defendant BBT as per the affidavit of the Wake County Sheriff was served as per SCRCP 4(h)[66] with the summons and complaint by delivering a copy to the BBT agent – CT Corp on June 4, 2012 at the address provided to the NC Secretary of State.[67]
>
> If there is anything wrong with this service of process attorney Licata is keeping it hidden from this Plaintiff. Defendant BBT has actual service. Defendant BBT was a Defendant in c/a #4:09-cv-2151-JMC-TER[68] where the appeal on that case is not final until after the due date for a timely writ of certiorari to the US Supreme Court.[69]
>
> **BOOZ:** SCRCP 4(d)(7) and 18 USC 1965 authorize nationwide service of process for Defendants Booz, Craven, Teal, Okay, Licata, Cannon and Fogle[70] in any judicial district where they reside, are found, has an agent or transacts their affairs.
>
> The summons and complaint for Defendant Booz[71] as per the affidavit of the Forsyth County Sheriff's Office (FCSO) was served on May 31, 2012 at the business address provided to the Georgia State Bar by Defendant Booz.[72] Defendant Booz has acknowledged actual service. SCRCP 4(d)(7) does not require that service be made personally on Defendant Booz. Thus, the FCSO service of the summons and complaint on Layla Adams (through no fault of the Plaintiff) where Booz has knowledge of and has responded to the summons is more than sufficient under SCRCP 4(d)(7).

---

[65] The Plaintiff argues that the defense of statute of limitations has been waived.

[66] Also, the USDC has personal jurisdiction over Defendant BBT as a result of the cause of action under 12 USC 1972/1975 as provided by SCRCP 4(d)(7) and the nationwide service of process under12 USC 1975.

[67] See exhibit #s 5 and 7 at Doc. # 44.

[68] The Plaintiff filed a waiver in c/a #4:09-2151 at Doc. # 11 for Defendant BBT. That waiver was still effective when Defendant BBT was served on June 4, 2012 in c/a # 4:11-00870.

[69] See exhibit # 5 at Doc. # 44.

[70] The same argument for Booz would apply to these Defendants and see Doc. #s 37-41 and Doc. #s 45-48.

[71] Defendant Booz did receive actual service and he has not indicated any harm suffered as the result of Layla Adams of the BBT legal Department signing for his summons and complaint.

[72] See exhibit # 8 at Doc. # 44.

Thus, there is no insufficiency of the nationwide service of process associated with the personal jurisdiction of Defendant Booz. Also, Defendant Booz was a Defendant in c/a #4:09-cv-2151-JMC-TER[73] where the appeal on that case is not final until after the due date for a timely writ of certiorari to the US Supreme Court. [74]

**SC Code Ann. § 62-7-202:** The Plaintiff argues that the Defendants have submitted to jurisdiction under **SC Code Ann. § 62-7-202** in this matter through waiver and or affidavit of service in c/a 4:09-cv-02151-JMC-TER (original seven) where that matter was ongoing at the time that c/a 4:11-cv-00870-MGL-TER was filed; and see the BSA at Doc. # 23 ¶ 29 at page 12 and Doc. # 24 at law governing your account on page 11.

The Plaintiff argues that each one of the Defendants have submitted to jurisdiction under **SC Code Ann. § 62-7-202** in this matter where the motion to dismiss did not state that they rejected submission under **SC Code Ann. § 62-7-202** and or under the BSA at Doc. # 23 ¶ 29 at page 12 and Doc. # 24 at law governing your account on page 11.

At no time during the about one year prior to service of process did any of the Defendants request that the USDC dismiss this action.

**SC Case Law:** In Unisun Ins. v. Hawkins, 342 S.C. 537, 537 S.E.2d 559, 561-562 (S.C.App. 2000) the court said:

> Rule 8(e)(1), SCRCP states that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required." Moreover, "[a]ll pleadings shall be so construed as to do substantial justice to all parties." Rule 8(f), SCRCP. We will not, however, write **[342 S.C. 542]** into the pleadings allegations and defenses that are not presented. *Davis v. Monteith,* 289 S.C. 176, 345 S.E.2d 724 (1986).
>
> Although our courts have not addressed the degree of specificity required by our rules of civil procedure, Rule 12(b)(5) is substantially similar to its federal counterpart. In the absence of prior state law on
>
> the issue in question, federal cases interpreting the rule are persuasive. *See Roberts v. Peterson,* 292 S.C. 149, 355 S.E.2d 280 (Ct.App.1987) (noting that where the state rule has adopted the language of a federal rule, federal cases interpreting the federal rule are persuasive).
>
> Federal courts addressing this issue have held that objections to the sufficiency of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the rule relating to the service provisions. *See O'Brien v. R.J. O'Brien & Assocs.,* 998 F.2d 1394 (7th Cir. 1993) (holding objection to service of process must be specific and point out in what manner the rules were not satisfied); *Photolab Corp. v. Simplex Specialty Co.,* 806 F.2d 807 (8th Cir. 1986) (same); *Sassower v. City of White Plains,* 1993 WL 378862 (S.D.N.Y.1993) (same); *King v. Best Western Country Inn,* 138 F.R.D. 39 (S.D.N.Y.1991) (same); *In re Highland Acres,*

---

[73] The Plaintiff filed a waiver in c/a # 4:09-2151 at Doc. # 15 for Defendant Booz. That waiver was still effective when Defendant Booz was served on May 31, 2012.

[74] See exhibit # 5 at Doc. # 44.

*Inc.*, 1994 WL 473357 (Bkrtcy.D.Mont.) ("This Court holds as a matter of law that an affirmative defense averring a 'Complaint is not timely' does not provide sufficient specificity to invoke ... the insufficiency of service of process defense of [R]ule 12(b), or to avoid waiver under Rule 12(g) and (h)."); *see also White v. Johnson,* 151 Ga.App. 345, 259 S.E.2d 731 (1979) (noting that under Georgia law, insufficiency of service of process defense must be specifically pled or is waived). In fact, "[t]he objection to insufficiency of process or its service should point out specifically in what manner plaintiff has failed to satisfy the requirements of the service provision he utilized." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* Civil 2d § 1353 (1990) (citing *Travelers Ins. Co. v. Panama-Williams, Inc.,* 424 F.Supp. 1156 (N.D.Okla.1976)).

As such, the Plaintiff continues to argue that the motion to dismiss **applies only** to Defendants BBT and Booz because they were the only Defendants that were mentioned as having been served at the writing of the motion to dismiss where the motion to dismiss can only point out the deficiency if the other ten Defendants had been served with the summons and complaint at the writing of the motion to dismiss.

**New Defendants:** Also, the Defendants motion to dismiss under FRCP 12(b)(5) does not apply to these Defendants because these five Defendants are not before this USDC and or they are not represented by Attorney Licata as per the Defendants motion to dismiss.

As to these ten Defendants (excluding BBT and Booz) the Plaintiff argues: Rule 12(h)(1), SCRCP, expressly provides that the defense of insufficiency of service of process is waived "if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."[75]

Thus, the Plaintiff argues that the remaining ten Defendants are in Default for failure to timely answer the summons and complaint.[76]

The Plaintiff argues that the following are applicable to these facts:

**SCRCP 12 (h)(1)** A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, or that another action is pending between the same parties for the same claim is waived (A) if omitted from a motion in the circumstances described in subdivision (g) or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

---

[75] Unisun Ins. v. Hawkins, 342 S.C. 537, 537 S.E.2d 559, 561 (S.C.App. 2000)

[76] SCRCP 55 (a).

## Conclusion:

No objection to – without prejudice. Based on all of the above arguments the Plaintiff objects to all of the other words in the section labeled **CONCLUSION**; [77]

the Plaintiff argues that the motion for an extension of time is not moot where the Plaintiff argues that FRCP 4(m) is not applicable in this matter based on all of the the above arguments to include choice of law and lack of subject matter jurisdiction, etc.

and the Plaintiff begs that this USDC will remand and or transfer this matter to the court with exclusive jurisdiction – the Horry County Court of Common Pleas/Probate Court.


Respectfully submitted,

*Cindy B. Hunt*

Cindy B. Hunt, Plaintiff
Pro Se
195 D Willow Green Drive
Conway, SC 29526
(843) 488-1131/(843) 347-7230

DATE: February 11, 2013

---

[77] Including foot notes.