**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Cindy B. Hunt, | ) Civil Action No.: 4:11-870-MGL |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **OPINION AND ORDER** |
| Branch Banking and Trust Co., Danny Fogle, David Craven, Mark Booz, Judy Teal, Christopher Okay, Cathy Lambert, Kaci Sansbury, Karen Butcher, Steven Licata, Lisa Heywood and Tamara Cannon, | ) ) ) ) ) |
| Defendants. | ) ) |

Cindy B. Hunt ("Plaintiff"), proceeding *pro se*[1], initiated this action on April 12, 2011, against Branch Banking and Trust Company ("BB&T"), Danny Fogle ("Fogle"), David Craven ("Craven"), Mark Booz ("Booz"), Judy Teal ("Teal"), Christopher Okay ("Okay"), Cathy Lambert ("Lambert"), and Kaci Sansbury ("Sansbury"), (collectively the "Defendants") alleging causes of action arising out of her banking relationship with BB&T. (ECF No. 1.) On May 10, 2011, Plaintiff filed an Amended Complaint naming Karen Butcher ("Butcher"), Steven Licata ("Licata"), Lisa Heywood ("Heywood") and Tamara Cannon ("Cannon") (collectively the "Defendants") as additional Defendants. (ECF No. 9.) On June 19, 2012, Defendants moved, pursuant to Rules 12(b)(2) and (b)(5) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Amended Complaint. (ECF No. 34.)[2] A Roseboro Order done in accordance with *Roseboro v. Garrison*, 528

---

[1] Plaintiff is an attorney licensed in the State of South Carolina.

[2] The Court notes that Plaintiff has previously filed an action, Civil Action No. 4:09-2151, against many of these same Defendants for actions arising out of her banking relationship with BB&T which was dismissed by the Court on March 23, 2011. The Fourth Circuit Court of

1

F.2d 309 (4th Cir. 1975) was entered on June 22, 2012, which provided Plaintiff with an explanation of dismissal/summary judgment procedures. (ECF No. 35.) On July 23, 2012, Plaintiff filed a Motion for an Extension of Time to respond to Defendants' Motion to Dismiss and to serve the Summons and Complaint. (ECF No. 42.) Plaintiff filed responses in opposition to the Motion to Dismiss on June 24, 2012, and June 25, 2012. (ECF Nos. 43 & 44.) Defendants filed a reply on August 6, 2012. (ECF No. 49.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On January 25, 2013, Magistrate Judge Rogers issued a Report and Recommendation recommending that the Defendant's Motion to Dismiss be granted and Plaintiff's Motion for an Extension of time to serve the Summons and Complaint be denied[3]. (ECF No. 55.) For the reasons set forth herein, the Court adopts the Report and Recommendation of the Magistrate Judge and GRANTS Defendants Motion to Dismiss (ECF No. 34). The Court DENIES Plaintiff's Motion for an Extension of Time to serve the Summons and Complaint and finds Plaintiff's request for an Extension of Time to respond to Defendants' Motion to Dismiss is MOOT.

**STANDARD OF REVIEW**

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th

---

Appeals affirmed the dismissal of that action on May 16, 2012. Plaintiff has also filed a third action arising out of her banking relationship with BB&T, Civil Action No: 4:12-2216 which is currently pending before this Court.

[3]The Magistrate Judge indicated that Plaintiff's Motion for an Extension of Time to respond to Defendants' Motion to Dismiss was moot.

Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boat v. McDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b) (1).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed.R.Civ.P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n. 4 (4th Cir.1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn. 1–3 (4th Cir.1985). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

**BACKGROUND AND PROCEDURAL HISTORY**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed this action on April 12, 2011, alleging various causes of action against Defendants arising out of her banking relationship with BB&T. (ECF No. 1.) Thereafter, On May 10, 2011, Plaintiff filed an Amended Complaint adding additional parties and additional causes of actions. (ECF No. 9.) In her Amended Complaint, Plaintiff asserts multiple causes of action against Defendants. Plaintiff alleges *inter alia* Violations of 18 U.S.C. § 1005, 18 U.S.C. § 1014, and 12 U.S.C. § 503; Breach of Fiduciary Duty; Violation of the Racketeer Influenced and Corrupt Organizations Act; Breach of Trust; Defamation; Fraud; Violations of Sections 37-20-170 and 37-20-200 of the South Carolina Consumer Identity Theft Protection Act; Violations of the Consumer Credit Protection Act; Violations of the South Carolina Unfair Trade Practices Act; Negligence and Conversion. (ECF No. 9.) On May 12, 2012, the Magistrate Judge issued an order directing Plaintiff to bring the case into proper form. (ECF No. 13.) Then, on June 10, 2012, the Magistrate Judge issued an order authorizing service of process. (ECF No. 20.) In the order authorizing service of process, the Magistrate Judge warned Plaintiff that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure that, if Defendants were not served within 120 days after the complaint was filed, the court, on motion or on its own after notice to Plaintiff, must dismiss the action without prejudice against defendants unless Plaintiff showed good cause for the failure to serve the Summons and Complaint. (*Id.* at 2.)

The Magistrate Judge issued an order on October 13, 2011, that directed Plaintiff to either file proof that indicated Defendants had been served or show good cause for her failure to serve

Defendants within the time specified by Rule 4(m).  (ECF No. 24.)  Plaintiff filed a Reply on October 26, 2011.  (ECF No. 28.)  In Plaintiff's Reply, she set forth the following response for her failure to serve Defendants:

> 1. As a result of the Defendants conduct in this matter including the threat of a FRCP 11 against the Plaintiff, the Plaintiff has been unable to sit for the Parten [sic] Bar exam resulting in the Plaintiff having not worked since 2008.
>
> 2. High Cost: This pro se Plaintiff finds the high cost of Service of Process on twelve Defendants to be unduly burdensome under the FRCP. As such, the Plaintiff is unable to effect service of process on the twelve Defendants.
>
> 3. The Plaintiff requests that the Court allow Service of Process in this matter on these twelve Defendants through the U.S. Marshal's office.
> Plaintiff's Reply.

 (ECF No. 28.)

Defendants moved  to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure on June 19, 2012.  The Magistrate Judge recommended that the Court grant the Defendants Motion to Dismiss.  (ECF No. 55.)

## DISCUSSION

**A. Personal Jurisdiction**

Defendants move pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for dismissal of this action against Booz.  Defendants contend that this Court may not assert personal jurisdiction over Booz.  The Magistrate Judge recommends dismissing Booz.

When a court's personal jurisdiction is challenged, the burden is on the plaintiff to establish that a ground for jurisdiction exists. *Combs v. Baker*, 886 F.2d 673, 676 (4th Cir.1989).  When, as here, the Court resolves the motion on written submissions (as opposed to an evidentiary hearing),

Plaintiff need only make a "prima facie showing of sufficient jurisdictional basis," and the Court must construe relevant allegations in favor of Plaintiff. *Id.* However, Plaintiff's showing must be based on specific facts set forth in the record. *Magic Toyota, Inc. v. Se. Toyota Diatribe., Inc.*, 784 F.Supp. 306, 310 (D.S.C.1992).

Here, Defendants contend that Plaintiff's allegations against Booz are identical to the allegations made in a prior action *Hunt v. Branch Banking and Trust et al.*, 4:09-CV-2151-JMC-TER. In that case, the Court dismissed the claims against Booz for lack of personal jurisdiction under F.R.Civ.P. 12(b)(2) and the Fourth Circuit Court of Appeals affirmed that Court's Order of Dismissal on May 16, 2012. The Magistrate Judge, relying on the analysis of personal jurisdiction of Booz set forth in *Hunt v. Branch Banking and Trust et al.*, 4:09-cv-2151-JM-TER, recommended that this Court grant Defendants' motion to dismiss Booz from the instant action.[4]

## B. Insufficient Service of Process

Defendants also move for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (ECF No. 34.) Defendants assert that Plaintiff has failed to properly serve the Defendants within 120 days or request an extension as required by Rule 4(m). Defendants acknowledge in their Motion to Dismiss that after over a year has passed since Plaintiff filed her Amended Complaint and Plaintiff has "now begun attempts to obtain service." (ECF No. 34-1 at 5.) The Magistrate Judge recommends granting Defendant's motion to dismiss due to Plaintiff's failure to serve the summons and complaint within 120 days of authorization of service as required by Rule 4(m) of the Federal Rules of Civil Procedure.

---

[4]The Court adopts and incorporates the discussion of the Court in *Hunt v. Brqnch Banking and Trust et al.*, 4:09-cv-2151-JM-TER as to personal jurisdiction over Booz.

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 120 days after the complaint is filed. Fed.R.Civ.P. 4(c)(1), (m). If a defendant is not served within the 120–day period, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). The Court must extend the time for service if the plaintiff shows good cause for the failure. *Id.*

In order to show good cause for Plaintiff's failure to serve Defendants within the time specified, Plaintiff must demonstrate that she made reasonable diligent efforts to effect service. Fed. R. Civ. P. 4(m). *See Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 528 (D.Md.1999) (internal quotations omitted). "Courts typically find good cause to extend the Rule 4(m) time limit where external factors stifle a plaintiff's due diligence in effecting service." *Clyburn v. Champagne*, No. 6:10–1925–TMC, 2012 WL 4478971, *5 (D.S.C. Sept.28, 2012) (internal quotations and alterations omitted); 4B Charles Alan Wright & Alan R. Miller, Federal Practice and Procedure: Civil § 1137 (3d ed. 2002) (observing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server"). For example, courts have found good cause where "the defendant was evading service; the plaintiff experienced difficulty in obtaining defendant's proper address; the plaintiff was misdirected by court personnel as to proper procedure; or a defect in the attempted service was not revealed by the defendant until after the time [had] expired." *Hoffman v. Balt. Police Dep't*, 379 F.Supp.2d 778, 786 (D.Md.2005) (citations omitted). Where a plaintiff's process server makes repeated attempts at multiple locations throughout the 120–day period and the corporate

defendant and its registered agent are not cooperative, there is good cause for an extension of the time allowed for service of process. *United States v. Sea Bay Dev. Corp.*, No. 2:06cv624, 2007 WL 1378544, *5 (E.D.Va. May 8, 2007) (finding good cause even though plaintiff delayed its attempts to serve defendant for over a month after the complaint was filed).

In contrast, "courts have held that mere inadvertence, ignorance of the federal rules, and attorney neglect do not constitute good cause." *Harvey v. Capital Children's Dental Ctr.*, No. 3:09–1836–CMC–PJG, 2010 WL 1294120, *2 (D.S.C. Mar.4, 2010). A plaintiff who makes no attempt at service until the final days of the 120–day period generally cannot demonstrate the "reasonable, diligent efforts to effect service" required for a finding of good cause. *See Hoffman*, 379 F.Supp.2d at 786 (dismissing complaint where "Plaintiff's counsel did absolutely nothing to attempt to serve the[ ] defendants for 118 days, and offers the unavailability of one of his office staff on the final two days as the reason for untimely service"). Upon review, the Magistrate Judge concluded that Plaintiff had failed to set forth good cause for failure to serve the summons and complaint within 120 days of authorization of service as required by Rule 4(m) of the Federal Rules of Civil Procedure and recommended that Plaintiff's Amended Complaint be dismissed without prejudice due to insufficient service of process.

## PLAINTIFF'S OBJECTIONS

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 58.) At the outset, the Court notes that Plaintiff indicates she "objects to almost every line of the Report and Recommendation." (Id. at 7.) As an initial matter, the Court notes that this is at most a general objection which does not direct this Court to any specific portion of the

Magistrate Judge's Report and Recommendation and is insufficient to challenge a Magistrate Judge's findings. *See Diamond,* 416 F.3d at 316. (finding that a "specific written objection" is required to invoke *de novo* review by the district court)*; Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds,* No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011); *Clark v. Sumter Co.*, No. 9:07-cv-0791, 2008 WL 350480, *1 (D.S.C. 2008).

The crux of the Magistrate Judge's Recommendation to this Court was that the Magistrate Judge found lack of good cause for Plaintiff's failure to serve the summons and complaint within the 120 days of authorization of service as required by F.R.Civ.P. 4(m). Plaintiff indicates that she objects to the recommendation by the Magistrate Judge on this point, but makes no arguments and cites no authority in support of her position. Instead, she suggests *inter alia* that Court lacks subject jurisdiction over this case; that this case should be remanded to the Horry County Probate Court; and that this matter is governed, by the South Carolina Rules of Civil Procedure. These arguments do not address the Magistrate Judge's recommendation concerning the lack of good cause. Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 58.) At the outset the Court notes that Plaintiff indicates she "objects to almost every line of the report and recommendation." (Id. at 7.) Plaintiff asserts her objections are supported by the prior pleadings Civil Action 4:09-JM-TER and appeal to include her request for reconsideration; Civil Action No. 4:11-870-MGL-TER and Civil Action No. 4:12-2216-MGL-TER. *(Id.* at 1.)

Finally, the Court has reviewed Plaintiff's remaining objections and finds they are general objections that merely restate her prior disagreement with the decision of the Court in Civil Action 4:09-2151-JM-TER and the subsequent decision of the Fourth Circuit Court of Appeals affirming

9

that decision. The Court does not find that these generalized objections about a prior decision are sufficient to raise any questions about the Magistrate Judge's Recommendation in this case.

Upon review of Plaintiff's objections, the Court concludes that her objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. Plaintiff's objections are primarily non-specific and are unrelated to the dispositive portions of the Report and Recommendation recommending dismissal and fail to establish that the and Recommendation errs in any respect. Further the objections either state general disagreement with the Report and Recommendation's conclusions, or include arguments which were considered and rejected by the Magistrate Judge. The Court having reviewed Plaintiff's objections finds they have no merit and are hereby overruled.

## CONCLUSION

After a thorough review of the Report and Recommendation, the applicable law and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. The Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. Accordingly, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's claims against Defendant Mark Booz are **DISMISSED** under F.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Further it is ORDERED that this action be **DISMISSED** without prejudice pursuant to Rule 4(m) or the Federal Rules of Civil Procedure. The Court **DENIES** Plaintiff's Motion for an Extension to Time to serve the Summons and Complaint and finds that Plaintiff's request for an Extension of Time to respond to Defendants' Motion to Dismiss is **MOOT**.

**IT IS SO ORDERED**.

                                                                            /s/Mary G. Lewis
                                                                            United States District Judge

March 13, 2013
Florence, South Carolina